Darren P.B. Rumack
THE KLEIN LAW GROUP
39 Broadway Suite 1530
New York, NY 10006
Phone: 212-344-9022
Fax: 212-344-0301
*Attorneys for Plaintiff and the putative class.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **JAMES HICKEY,** *individually and on behalf of others similarly situated,*<br><br>Plaintiff,<br><br>- against -<br><br>**RUBY'S MIDTOWN LLC, 219 MULBERRY, LLC, NICHOLAS MATHERS, TIMOTHY SYKES AND THOMAS LIM,**<br><br>Defendants. | **CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**INDEX NO.**<br><br>**Jury Trial Requested** |

James Hickey ("Plaintiff"), on his own behalf and on behalf of others similarly situated, by their attorneys, The Klein Law Group, P.C., allege as follows:

## **NATURE OF THE CASE**

1.  This is a collective action brought by Plaintiff on his own behalf and on behalf of a proposed collective identified below. Plaintiff, and the proposed collective, were or are employed as food service workers (i.e., servers) by Ruby's Midtown LLC, 219 Mulberry, LLC, (collectively "Ruby's"), Nicholas Mathers, Timothy Sykes and Thomas Lim (collectively "Defendants").

2. This action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, ("FLSA") and the New York Labor Law § 190 *et seq.* ("NYLL") to recover unpaid minimum wages, unlawfully misappropriated tips, and other monies.

3. Defendants have failed to compensate their food service workers at the federal and state minimum wage, and unlawfully misappropriated a portion of their tips.

4. Plaintiff seeks injunctive and declaratory relief against Defendants' unlawful actions, return of the tip credit (i.e. the difference between the full applicable minimum wage and the hourly wage Defendants actually paid to their food service workers), return of the misappropriated tips, return of unpaid wages, liquidated damages, interest, and attorneys' fees and costs as permitted in accordance with the FLSA and NYLL.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331 and 1337, and has supplemental jurisdiction over Plaintiffs' NYLL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1331, as the location of Ruby's, the restaurant where Plaintiff worked, is in the Southern District of New York.

## PARTIES

7. Plaintiff, a resident of New York State, was employed as a server by Defendants at the Murray Hill location from December 2016 through the end of January 2017 and from June 2017 through March 2018.

8. Plaintiff was Defendants' employee within the meaning of the FLSA and NYLL.

9. Defendant Ruby's Midtown LLC and 219 Mulberry, LLC (collectively "Ruby's") are New York limited liability companies that own and operate Ruby's, a restaurant with locations at 442 Third Avenue, and 219 Mulberry Street, in New York City.

10. Upon information and belief, Defendants jointly and individually have an annual gross volume of sales in excess of $500,000.00.

11. Defendant Mathers, Sykes and Lim are owners and operators of Ruby's, and have been active managers with authority to control the pay practices and employment policies.

12. At all relevant times, corporate Defendants have been and continue to be an "employer" engaged in "commerce" and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

13. All Defendants are hereinafter collectively referred to as "Defendants."

## COLLECTIVE ACTION ALLEGATIONS

14. Plaintiff brings his FLSA claims on behalf of himself and similarly situated employees (i.e., servers) who are, or have been employed by Defendants in the three years preceding the filing of this Action.

15. The members of the FLSA collective have been victims of Defendants' common policies and practices which have denied Plaintiff and the collective of the full minimum wage and earned tips.

16. The FLSA Collective consists of servers who during their employment at Boucherie, fell into the category of "tipped employees," who customarily earned more than $30.00 per month in tips and were required by Ruby's to participate in a tip-

3

pooling system whereby all of Ruby's guests' tips were aggregated and shared pursuant to a formula described herein.

17. As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff and the FLSA collective by engaging in a pattern, practice and policy of violating the FLSA. This pattern, practice and policy includes:

   a. Depriving food service workers of the tips they earned;
   b. Improperly taking a tip credit toward food service workers' wages;
   c. Redistributing portions of the tips earned by food service workers to bar managers, and other individuals who were not entitled to tips pursuant to the FLSA and NYLL;
   d. Failing to make timely payments of wages;
   e. Making unlawful deductions from wages.

18. Defendants have engaged in unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees' compensation by willfully and knowingly violating the FLSA.

19. The FLSA collective would benefit from the issuance of a court supervised notice of the present lawsuit and the opportunity to join this action.

20. The identities of these similarly situated employees are or should be known to Defendants and are locatable through Defendants' business records.

## CLASS ACTION ALLEGATIONS

21.     Pursuant to Rule 23 of Federal Rules of Civil Procedure, Plaintiff brings this lawsuit as a class action on behalf of all food service employees who are employed or who have been employed by Defendants within six years prior to the filing of this Complaint.

22.     **Numerosity**: The potential number of persons in the Class is so numerous that joinder of all members would be unfeasible and impractical. The disposition of their claims through this class action will benefit both the parties and this Court. The number of persons in the Class is unknown to Plaintiffs at this time; however, it is estimated that the number exceeds 50 individuals.

23.     **Commonality and Typicality**: The claims of Plaintiff (for violations of the FLSA and NYLL based on their maintenance of an invalid tip pool and illegally paying Plaintiff and the class a rate of below the minimum wage) is typical of the claims of all of the other members of the Class because all of them sustained similar injuries and damages arising out of Defendants' common course of conduct in violation of law and the injuries and damages of all of the other members of the Class were caused by Defendants' wrongful conduct as described in this Complaint.

24.     **Ascertainable Class**: The proposed Class is ascertainable in that its members can be identified and located using information contained in Defendants' payroll and personnel records.

25.     **Adequacy**: Plaintiff is an adequate representatives of the Class; will fairly protect the interests of the other members of the Class; have no interests antagonistic to the members of the Class; and will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type. Class Counsel is competent and experienced in litigating large wage payment class actions.

5

26. **Superiority**: The nature of this action makes the use of the class action vehicle a particularly efficient and appropriate procedure to afford relief to Plaintiff and the other members of the Class for the wrongs alleged herein, as follows:

    a. This case involves a large corporate Defendant and a large number of individuals with many relatively small claims and common issues of law and fact

    b. If each individual member of the Class was required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage because, with its vastly superior financial and legal resources, it would be able to exploit and overwhelm the limited resources of each individual member of the Class;

    c. Requiring each individual member of the Class to pursue an individual remedy would also discourage the assertion of lawful claims by members of the Class who would be disinclined to pursue an action against Defendants because of an appreciable and justifiable fear of retaliation;

    d. The Prosecution of separate actions by the individual members of the Class, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual members of the Class against Defendants; would establish potentially incompatible standards of conduct for Defendants, would result in legal determination with respect to individual members of the Class which would, as a practical matter, be dispositive of the interest of the other members of the Class who are not parties to the adjudications; and/or would substantially

    impair or impede the ability of the members of the Class to protect their own interests;

  e. The claims of the individual members of the Class may not be sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses thereto;

  f. Furthermore, as the damages suffered by each individual member of the Class may be relatively small, the expense and burden of individual litigation would make it difficult of impossible for individual member of the Class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action; and

  g. The costs to the court system of adjudication of such individualized litigation would be substantial.

## FACTS

27. The FLSA and NYLL allow employers of "food service workers" to pay their tipped employees at a rate below the normal federal and state minimum wages by applying a tip credit towards certain eligible employees' wages.

28. The FLSA and the NYLL provide that in order to be eligible for this tip credit, employers of tipped employees must inform food service workers about their intention to apply the tip credit towards the employees' wages and also must allow employees to keep all of the tips that they receive.

29. Managers and other non-service employees are prohibited from sharing in the tips received by the "food service workers."

30. The FLSA and NYLL permit employees to participate in a tip pool where tipped employees combine all of their tips together and then redistribute them amongst themselves.

31. At all times relevant hereto, Defendants established and imposed a tip pool upon Ruby's food service workers, and also required the food service workers to share a percentage of their tips with the back-of-house staff, including the chef.

32. At the start of Plaintiff's employment with Ruby's, he (along with all other servers) was instructed by Ruby's management to tip out $25.00 of their cash tips from every shift, which would go to the kitchen workers.

33. On or around February 5, 2017, Ruby's General Manager, Romy Tagliapietra emailed all Ruby's servers that "[A]s of tomorrow instead of handing over your cash tips after every shift, we will be contributing $25 of your credit card tips towards the kitchen. We felt this was fair on both ends as you get to keep your cash at the end of the day, and the kitchen get paid out the full amount as there is generally not enough cash to cover the $25."

34. In and around July 2017, Plaintiff worked as a server for 2 or 3 shifts at the Mulberry street location.

35. The back-of-house/kitchen staff had no interaction with customers at Ruby's.

36. By mandating the participation of back-of-house staff in the tip pool, Defendants have violated both the FLSA and NYLL.

37. The back-of-house staff members are excluded from the definition of the FLSA collective.

38. Additionally, on several occasions, Ruby's General Manager, Jacob Coomer, would also participate in the tip pool.

8

39. During this time period when Jacob Coomer was in the tip pool, he had hiring and firing authority, and had the power to set employee schedules.

40. On January 26, 2018, Coomer emailed Plaintiff regarding the tip situation, and stated that management "have to see a benefit out of paying the guys more for anything to happen and it could be slow as it needs to happen across all of their locations and they are going to have to make some major adjustments to their business model."

41. Upon information and belief, this policy of tipping out the kitchen continued through at least February 2018.

42. Defendants are also prohibited from applying the tip credit because they failed to provide Plaintiff and the FLSA Collective with notice of the tip credit as required by both the NYLL and FLSA.

43. By these and other acts, Defendants have taken gratuities belonging to Plaintiff and the FLSA Collective and unlawfully diverted them to managerial and non-service staff who are not entitled to share in the tip pool at the restaurant, thereby preventing the food service workers from retaining all of the tips left for them in violation of the FLSA and NYLL.

44. Because Defendants established an illegal tip pooling scheme at Ruby's, they are not entitled to take advantage of the tip credit and reduce the minimum wages of Plaintiff and the FLSA Collective by applying the tip credit allowance that is available under the FLSA and the NYLL.

45. Defendants are also prohibited from applying the tip credit because they failed to provide Plaintiffs and the FLSA Collective with notice of the tip credit as required by both the NYLL and FLSA.

### JAMES HICKEY'S FACTUAL COMPLAINTS OF RETALIATION

46. Plaintiff raised concerns to management about the tip pool including kitchen workers in February 2018.

47. Plaintiff orally complained to Jacob Coomer regarding the tipping policy, and also retained the undersigned attorney who sent a demand letter to Defendants in early February 2018.

48. Subsequently, Plaintiff was subject to ongoing retaliation by Defendants.

49. Specifically, Sykes told Plaintiff's sister, Madeleine Hickey, who was Ruby's Assistant General Manager, that if Plaintiff pursued a legal case, his friends working at restaurant would be fired, or, Plaintiff would have to drop his case, but would be fired himself.

50. About a week earlier, Jacob Coomer threatened Plaintiff directly with the same consequences.

51. Coomer subsequently told Plaintiff that he had a couple of weeks to find a new job.

52. As a result of this retaliation, Plaintiff was forced to leave Ruby's around March 7, 2018.

### FIRST CAUSE OF ACTION
### FLSA – Unpaid Minimum Wages

53. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 52 above as if specifically set forth herein.

54. Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

55. Defendants were required to pay Plaintiff and the FLSA Collective the applicable federal minimum wage rate.

56. Defendants were not eligible to avail themselves of the federal tipped minimum wage rate under the FLSA because, *inter alia*,

a. Defendants were required to but failed to inform Plaintiff and the FLSA Collective of the provisions of 29 U.S.C. § 203(m);

b. Defendants unlawfully distributed portions of the tips received by Plaintiff and the FLSA Collective to employees in positions that do not customarily and regularly receive tips, in violation of the FLSA and its supporting regulations; and,

c. Defendants illegally made impermissible deductions in the amount of tips given to Plaintiff and the FLSA Collective.

57. Defendants were aware of, or should have been aware that the practices described in this Complaint were unlawful and did not make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

58. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective suffered damages to be determined at trial and are entitled to the recovery of such amounts and liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees, costs, and other damages pursuant to the FLSA.

## SECOND CAUSE OF ACTION
### NYLL – Unpaid Minimum Wages

59. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 58 above as if specifically set forth herein.

60. Defendants are employers within the meaning NYLL §§ 190, 651(5), 652 and the supporting New York State Department of Labor regulations, and employed Plaintiff.

61. Defendants were required to pay Plaintiff the applicable minimum wage rate under the NYLL.

62. Defendants were not eligible to avail themselves of the tipped minimum wage rate under the NYLL because, *inter alia*,

11

d. Defendants were required to but failed to provide the required tip credit notice under the NYLL;

e. Defendants unlawfully distributed portions of the tips received by Plaintiff and the FLSA Collective to employees in positions that do not customarily and regularly receive tips, in violation of the NYLL and its supporting regulations; and,

f. Defendants illegally made impermissible deductions in the amount of tips given to Plaintiff and the FLSA Collective.

63. Defendants were aware of should have been aware that the practice described in this Complaint were unlawful and did not make a good faith effort to comply with the NYLL with respect to the compensation of Plaintiff.

64. As a result of Defendants' willful violations of the NYLL, Plaintiff suffered damages to be determined at trial and are entitled to the recovery of such amounts and liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees, costs, and other damages pursuant to the NYLL.

### THIRD CAUSE OF ACTION
### NYLL – Unlawful Tip Deductions

65. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 64 above as if specifically set forth herein.

66. NYLL § 196-d prohibits employers or their agents from demanding or accepting directly or indirectly any part of the gratuities received by an employee, or retaining any part of a gratuity or any charge purported to be a gratuity for an employee.

67. Defendants unlawfully retained tips from Plaintiff and unlawfully redistributed their tips to non-tip eligible employees.

68. As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants their unpaid tips, reasonable attorneys' fees, liquidated damages, and pre-judgment interest and post-judgment interest.

### FOURTH CAUSE OF ACTION
### NYLL, Article 6, §§ 190 *et seq*. Notice and Wage Statements

69. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 68 as if set forth fully herein.

70. Defendants willfully failed to furnish Plaintiff with a notice containing the rate of pay and the basis thereof, whether paid by the hours, shift, day, week, salary, piece, commission, or otherwise, the name of the employer, any "doing business as" names used by the employer, the physical address of the employer's main office or principal place of business and a mailing address if different, the telephone number of the employer, and anything else otherwise required by law.

71. Defendants also willfully failed to furnish Plaintiff with every payment of wages, a wage statement that included the phone number of the employer, the proper overtime rate, and anything else otherwise required by law.

### FIFTH CAUSE OF ACTION
### FLSA-RETALIATION

72. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 71 as if set forth fully herein.

73. Plaintiff sought to enforce his rights under the FLSA.

74. Plaintiff's complaining to management regarding the tip pool is protected activity under 29 USC § 215(a)(3).

75. In response to Plaintiff protecting his rights under the FLSA, Defendants retaliated against them.

76. A reasonable employee would have found each retaliatory act described herein to be materially adverse. Each retaliatory act alleged herein could dissuade a reasonable employee from making or supporting a complaint about wage and hour violations.

77. Defendants retaliated against Plaintiff, as alleged herein, in order to harass and intimidate him and to otherwise interfere with his attempts to protect his rights under the FLSA.

78. By engaging in the retaliatory acts alleged herein, Defendants retaliated against Plaintiff, discriminated against him, and penalized him in violation of the FLSA, 29 USC § 215(a)(3).

79. Plaintiff has suffered damages, including, but not limited to emotional distress damages and lost wages as a result of Defendants' retaliation.

80. Defendants subjected Plaintiff to such retaliation that altered the terms and conditions of his employment.

81. Plaintiff is entitled to equitable relief, monetary relief including but not limited to compensatory and other damages, reasonable attorneys' fees and costs, punitive damages and other appropriate relief.

### SIXTH CAUSE OF ACTION
### NYLL-RETALIATION

82. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 81 as if set forth fully herein.

83. Plaintiff attempted to enforce their rights under the NYLL by complaining about wage and hour violations.

84. Plaintiff's actions are protected activity under NYLL § 215.

85. In response to Plaintiff asserting his rights under the NYLL, Defendants retaliated against them.

86. A reasonable employee would have found each retaliatory act described herein to be materially adverse. Each retaliatory act alleged herein could dissuade a reasonable employee from making or supporting a complaint about wage and hour violations.

87. Defendants retaliated against Plaintiff, as alleged herein, in order to harass and intimidate him and to otherwise interfere with his attempts to vindicate his rights under the NYLL.

88. By engaging in the retaliatory acts alleged herein, Defendants retaliated against Plaintiff, discriminated against him, and penalized them in violation of NYLL § 215.

89. Plaintiff has suffered damages, including, but not limited to emotional distress damages and lost wages as a result of Defendants' retaliation.

90. Defendants subjected Plaintiff to such retaliation that altered the terms and conditions of his employment.

91. Notice of this claim has been served upon the Attorney General pursuant to NYLL § 215(2).

92. Plaintiff is entitled to equitable relief, monetary relief including but not limited to compensatory and other damages, reasonable attorneys' fees and costs, punitive damages and other appropriate relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be granted awarding Plaintiff:

a. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York law;

c. Designation of this action as a collective action pursuant to the FLSA on behalf of the FLSA Collective Plaintiffs and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated member of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

d. Designation of Plaintiff as a representative plaintiff of the FLSA Collective Plaintiffs;

e. Certification of this case as a class action pursuant to Rule 23 of the FRCP.

f. Designation of Plaintiff as representative of the Rule 23 Class and Counsel of record as Class Counsel;

g. Penalties available under applicable laws;

h. Costs of the action incurred herein, including expert fees;

i. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, New York Labor Law § 663 and all other applicable statutes;

j. Pre-judgment and post-judgment interest, as provided by law; and

k. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: August 8, 2019
    New York, New York

                      THE KLEIN LAW GROUP PC

By: _____
        Darren P.B. Rumack
        39 Broadway, Suite 1530
        New York, NY 10006
        Phone: 212-344-9022
        Fax: 212-344-0301
        *Attorneys for Plaintiff and proposed*
        *FLSA collective plaintiffs and Rule 23 class.*

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of my claims in my name and on my behalf to contest the failure of Ruby's and/or their respective owners, affiliated companies, subsidiaries, predecessors, successors, contractors, directors, officers, franchisees, and/or affiliates to pay minimum wage and overtime wages, as required under state and/or federal law, and for making illegal wage deductions and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorney's fees and costs and all other matter pertaining to this lawsuit.

_/s/ J. Hickey_  08/07/19  James Hickey

Signature           Date            Printed Name