# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement and Release Agreement ("AGREEMENT") made and entered into this 11th day of February, 2020 by, between, and among (i) JAMES HICKEY (hereinafter "*J. Hickey*"), MATILDA COY (hereinafter "*Coy*"), and MADELEINE JANE HICKEY (hereinafter "*M. Hickey*") – J. Hickey, Coy, and M. Hickey collectively referred to as "*Plaintiffs*" – and (ii) RUBY'S MIDTOWN LLC (the "*Company*"), 219 MULBERRY, LLC, NICHOLAS MATHERS, TIMOTHY SYKES and THOMAS LIM – the Company, 219 Mulberry, LLC, Nicholas Mathers, Timothy Sykes, and Timothy Lim, collectively referred to as "*Ruby's Defendants*":

**WHEREAS**, J. Hickey was employed by the Company on or about December 2016 to January 2017 and again on or about June 2017 to March 2018; Coy was employed by the Company on or about June 2017 to December 2017 and again on or about February 2018 to May 2018; and M. Hickey was employed by the Company on or about December 2016 to May 2018; and

**WHEREAS**, following the end of their employment with the Company, J. Hickey, Coy, and M. Hickey filed, through their retained counsel, a complaint in the United States District Court for the Southern District of New York, entitled *JAMES HICKEY, individually and on behalf of others similarly situated against RUBY'S MIDTOWN LLC, 219 MULBERRY LLC, NICHOLAS MATHERS, TIMOTHY SYKES, AND THOMAS LIN*, and bearing Docket No. 19 Civ. 7452 (VSB) (the "Complaint") alleging violations of the Fair Labor Standards Act of 1938, as amended ("FLSA"), the New York Labor Law, and attendant regulations in connection with alleged underpayments to them, including claims for unpaid minimum wages, unlawfully misappropriated tips and other monies, and retaliation (hereinafter referred to as the "FLSA Claims");

**WHEREAS**, Ruby's Defendants have vigorously denied the substantive allegations of the Complaint, and have entered into this Agreement solely to avoid litigation and attendant expenses; and

**WHEREAS**, the parties have engaged in arms-length settlement negotiations through their respective counsel during mediation on January 10, 2020, before court-appointed Mediator, Pamela R. Esterman, Esq., culminating in agreement on all outstanding issues and resulting in a settlement agreement in principle through which the parties agreed to execute this more formal agreement embodying all of the terms of their understanding, in the form which follows; and

**WHEREAS**, subject to court approval, the parties desire to execute such agreement with the proper formalities and implement it after obtaining court approval for the settlement terms which resolve and settle Plaintiffs' FLSA Claims; and

**WHEREAS**, counsel for the parties, to the extent required by law, shall appear before Judge Vernon S. Broderick, at such time as said parties are ordered to appear with respect to the fairness of the terms of settlement of the FLSA Claims; and

**WHEREAS**, after hearing counsels' application, it is anticipated that the Court shall approve the settlement of the FLSA Claims and sign a Stipulation and Order of Dismissal in the form appended hereto as Appendix "A" (the "Order of Dismissal"); and

**WHEREAS**, pursuant to foregoing, the parties thus mutually desire, clearly and unequivocally, to set forth their respective rights and obligations now and in the future, provide for the withdrawal and dismissal of the Complaint with prejudice, and to amicably and in an orderly fashion resolve any and all outstanding issues, claims, potential claims, differences, disputes and other matters between them, including the FLSA Claims;

      **NOW, THEREFORE**, the parties intending to be legally bound, mutually agree as follows:

### 1.     <u>Settlement Payment; Attorneys' Fees Payment.</u>

a. In consideration of Plaintiffs' execution of the Agreement, their release and waiver of claims against Ruby's Defendants, also collectively denominated as the Released Parties, in the form set forth in Paragraph 2, hereof, and the Court's signing and filing of the Order of Dismissal in the form appended hereto as Appendix "A," or otherwise dismissing the Complaint with prejudice, the Company shall pay to Plaintiffs the sum of Twenty-Two Thousand and 00/100 Dollars ($22,000.00) (the "Settlement Payment"). The Company will send payment to The Klein Law Group, P.C., c/o Darren P.B. Rumack, 39 Broadway, Suite 1350, New York, New York 10006 within thirty (30) business days after the later to occur of (i) judicial approval of the Agreement, or (ii) the Order of Dismissal is so-ordered by the Court with the action dismissed as prejudice. The Settlement Payment shall be allocated as follows:

    i. <u>James Hickey</u>:

        a. One check to "James Hickey" in the gross amount of Two Thousand Seven Hundred Eighty-Three Dollars and Fifty Cents ($2,783.50), on an IRS Form W-2, subject to withholding;

        b. One check to "James Hickey" in the gross amount of Two Thousand Seven Hundred Eighty-Three Dollars and Fifty Cents ($2,783.50), on an IRS Form 1099, not subject to withholding;

ii. <u>Matilda Coy</u>:

   a. One check to "Matilda Coy" in the gross amount of One Thousand Seven Hundred Seventy and 00/100 Dollars ($1,770.00), on an IRS Form W-2, subject to withholding;

   b. One check to "Matilda Coy" in the gross amount of One Thousand Seven Hundred Seventy and 00/100 Dollars ($1,770.00), on an IRS Form 1099, not subject to withholding;

iii. <u>Madeleine Jane Hickey</u>:

   a. One check to "Madeleine Jane Hickey" in the gross amount of Two Thousand Seven Hundred Eighty-Three Dollars and Fifty Cents ($2,783.50), on an IRS Form W-2, subject to withholding;

   b. One check to "Madeleine Jane Hickey" in the gross amount of Two Thousand Seven Hundred Eighty-Three Dollars and Fifty Cents ($2,783.50), on an IRS Form 1099, not subject to withholding.

iv. <u>Attorneys' Fees Payment</u>:  After negotiation of attorneys' fees and costs separate and apart from the Plaintiffs' individual amounts, the Company also shall pay the separate sum of Seven Thousand Three Hundred Twenty-Six Dollars and 00/100 Dollars ($7,326.00), as attorneys' fees and litigation costs (the "Attorneys' Fees Payment"). The Attorneys' Fees Payment shall be paid as follows:

   a. One check to "The Klein Law Group, P.C." in the gross amount Seven Thousand Three Hundred Twenty-Six Dollars and 00/100 Dollars ($7,326.00), to be paid within thirty (30) business days after the later to occur of (i) judicial approval of the Agreement, or (ii) the Order of

        Dismissal is so-ordered by the Court with the action dismissed with prejudice.

v. No salary, benefits, vacation pay, sick pay, bonus pay, or any other payments or additional moneys beyond the sums identified as the Settlement Payment in this Paragraph will be made to Plaintiffs, and the parties agree that no salary, benefits, or other payments beyond the Settlement Payment identified in paragraph 1 is owing.

vi. The Settlement Payment amounts referenced in Paragraphs 1(a)(i)(b) and 1(a)(ii)(b) and 1(a)(iii)(b) hereof, shall be considered other income. Such payment will be reported on an IRS 1099-Misc form and will be reflected on the form in Box 3 "Income." Plaintiffs acknowledge and expressly agree that the Company has not rendered and shall not render, nor shall anything contained in this Agreement be deemed, tax advice or opinion of any kind in connection with the characterization or payment of the Settlement Payment or any other payments described herein. Plaintiffs acknowledge and agree that in the event that the Internal Revenue Service or any other taxing authority or governmental agency (whether federal, state or local) determines that the Settlement Payment identified in Paragraphs 1(a)(i)(b) and 1(a)(ii)(b) and 1(a)(iii)(b) hereof, or any portion thereof, constitutes gross income to them within the meaning of the Internal Revenue Code of 1986, as amended, they are and shall remain solely liable, for the payment of any federal, state or local income tax, related taxes, penalties or interest, other than the employer's share of FICA or any other payroll tax which is solely the obligation of the employer, assessed by any such agency and Plaintiffs

shall fully indemnify the Company in connection with any such assessment of liability. The parties further agree that (i) the Company will give Plaintiffs prompt notice of any claim for payment of any taxes, penalties or interest associated with the Settlement Payment made by any taxing authority; and (ii) Plaintiffs will cooperate with the Company in the defense of any claim before any taxing authority or governmental agency that may arise concerning the Settlement Payment. Further, in any action commenced against Plaintiffs to enforce the provisions of this Paragraph 1(c), the prevailing party shall be entitled to recover its reasonable attorneys' fees, costs and disbursements incurred in prosecuting the action. As used in this subparagraph or elsewhere in this Agreement, Notice to Plaintiffs shall mean a written statement to Plaintiffs' attention in care of their attorney, Darren P.B. Rumack, Esq., of The Klein Law Group, P.C., 39 Broadway, Suite 1530, New York, NY 10006, or any subsequent address of which the Company is apprised by notice to Keith A. Markel, Esq., Morrison Cohen LLP, 909 Third Avenue, 27th Floor, New York, NY 10022.

2. **Plaintiffs' Release and Waiver of Claims**

a. In consideration of the provision to Plaintiffs of the Settlement Payment, and the Attorneys' Fees Payment, and the other benefits described herein, which Plaintiffs expressly agree is valid consideration to bind their release and waiver of claims, Plaintiffs, on behalf of themselves, their heirs, estate, executors, administrators, representatives and assigns, do fully and forever release and discharge RUBY'S MIDTOWN LLC and 219 MULBERRY LLC, their predecessors, affiliates, related entities, including its past and present partners, principals, officers, directors,

shareholders, agents, representatives, employees, attorneys, insurers, point holders, successors and assigns, including, without limitation NICHOLAS MATHERS, TIMOTHY SYKES and THOMAS LIM (collectively together, the "**RELEASED PARTIES**") from all actions, claims, demands, losses, expenses, obligations and liabilities related to any wage and hour, wage notice, retaliation, and tip credit claims that were and/or could have been alleged in the Complaint, including but not limited to FLSA and New York State minimum wage and overtime claims, New York State wage notice requirements, New York State misappropriated tips claims, and any claims for attorneys' fees and costs based on such claims (the "Released Claims").

b. Plaintiffs also covenant not to sue any of the Released Parties for any Released Claims and represent and warrant that they have not assigned any Released Claims or authorized any other person, group or entity to assert such claims on their behalf. Plaintiffs expressly waive any and all rights under the laws of any jurisdiction in the United States, or any other country, that limit a Release to claims against the aforesaid parties known or suspected to exist in their favor as of the date of this Agreement.

### 3. No Other Claims or Filings.

As further consideration and inducement for this Agreement, Plaintiffs agree and represent that they have not filed or otherwise pursued any charges, complaints or claims asserting any Released Claims which are in any way pending against any of the Released Parties, with any local, state or federal government agency, court or arbitration tribunal and, to the extent permitted by law, further agree and represent that they will not do so in the future. If any government agency or court assumes jurisdiction of any charge, complaint, cause of action or claim covered by this Agreement against the Released Parties, on behalf of or related to

Plaintiffs, they will take reasonable actions to attempt to ensure that such agency or court withdraws from and/or dismisses the matter, with prejudice, insofar as it is asserted on behalf of or relates to them or either of them and asserts any Released Claims, including but not limited to, requesting such action by such agency or court. Plaintiffs agree that they will not participate or cooperate in any such matter(s) to the extent it asserts any Released Claims except as required by law.

### 4.     Dismissal of the Complaint with Prejudice and Without Costs.

The parties agree that, as a result of the fairness inquiry to be undertaken by the Court, per United States District Judge Vernon S. Broderick, it is contemplated that the Court shall approve the settlement identified herein and sign the Order of Dismissal with respect to the Complaint and the parties understand and agree that the settlement terms identified in this Agreement are contingent upon the filing and docketing with the Court the of the Order of Dismissal approving the parties' request that the Complaint be deemed dismissed with prejudice and without costs to or against either party.

### 5.     Mutual Non-Disparagement & Neutral Reference.

a. Plaintiffs expressly agree to refrain from disparaging, defaming, or criticizing Ruby's Defendants, including, without limitation, making any statement, oral or written, which portrays the Ruby's Defendants, their affiliates, officers, agents, representatives and management employees or any of the Ruby's Defendants in an unfavorable light or subjects any thereof to scorn, obloquy or ridicule, except that Plaintiffs may make truthful statements about their experience litigating their FLSA Claims.

b. Ruby's Defendants, by, through, and as limited to their respective executive management teams, expressly agree to refrain from disparaging, defaming, or criticizing Plaintiffs, including, without limitation, making any statement, oral or written, which portrays

Plaintiffs or either of them in an unfavorable light or subjects them or either of them to scorn, obloquy or ridicule, except that the Ruby's Defendants may make truthful statements about their experience defending against Plaintiffs' FLSA Claims.

c. If an employer or prospective employer of Plaintiffs seek a reference or makes any other inquiry concerning their employment with Ruby's Defendants, Ruby's Defendants agree to only disclose the Plaintiffs' dates of employment and last position held.

d. Nothing in this Paragraph 5 is intended to limit truthful statements or testimony or information required to be provided by court order or subpoena.

### 6. No Admission of Liability.

By entering into this Agreement, the Company and all Released Parties do not admit any liability whatsoever to Plaintiffs or to any other person arising out of Plaintiffs' FLSA Claims, termination of employment or of any claims which were or might have been asserted by Plaintiffs, and the Company, for itself and all others released by this Agreement, expressly denies any and all such liability.

### 7. Effective Date of Agreement.

The Effective Date of this Agreement shall be the day it is signed by all Plaintiffs.

### 8. Knowing and Voluntary Agreement; Merger.

Plaintiffs acknowledge that they are entering into this Agreement knowingly and voluntarily after carefully reviewing it; that they have had the opportunity to review it with counsel of their own choosing and have done so with their retained counsel, The Klein Law Group, P.C.; that they understand its final and binding effect; that the only promises made to them to obtain their agreement and signature are those stated in this Agreement; that this Agreement supersedes any and all prior oral or written agreements between the parties and that

this document represents the complete terms of their agreement and may not be amended or modified except in a signed writing executed by the parties. There are no representations, inducements or promises not set forth herein on which either party has relied or may rely.

## 9. Joint Participation in Preparation of Agreement

The parties hereto participated jointly in the negotiation and preparation of this Agreement, and each party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft it. Accordingly, it is agreed that no rule of construction shall apply against any party in favor of any party. This Agreement shall be construed as if the parties jointly prepared it, and any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

## 10. Enforcement of Agreement

a. Any party hereto shall have the right to enforce the provisions of this Agreement to the fullest extent of the law, including such legal or equitable relief as the applicable court or other tribunal deems warranted.

b. In the event of any litigation commenced to enforce the provisions of this Agreement, the prevailing party shall be awarded his/her/their or its reasonable attorneys' fees and costs.

## 11. Severability.

Should any of the provisions of this Agreement be rendered invalid by a court or government agency of competent jurisdiction, it is agreed that this shall not in any way or manner affect the enforceability of the other provisions of this Agreement which shall remain in full force and effect.

## 12. Attorneys' Fees and Costs

As further mutual consideration for the promises set forth herein, and except as set forth in Paragraph 1(a)(iv), hereof, the Company and Plaintiffs agree that each is responsible

for his/its/their own attorneys' fees and costs, if any, and agrees that he/it/they will not seek reimbursement from any other party for attorneys' fees and/or costs incurred in this matter or relating to any matters addressed in this Agreement.

### 13. Choice of Law.

This Agreement will be governed by and construed in accordance with the laws of the State of New York without regard to its conflicts of laws principles.

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed.

JAMES HICKEY

*/s/ JHickey*

Date Signed: 02·07·20

MATILDA COY

_____

Date Signed: _____

MADELEINE JANE HICKEY

_____

Date Signed: _____

RUBY'S MIDTOWN LLC

By: _____
    Authorized Signatory

Date Signed: _____

219 MULBERRY, LLC

By: _____
    Authorized Signatory

Date Signed: _____

NICHOLAS MATHERS

By: _____
    Authorized Signatory

Date Signed: _____

TIMOTHY SYKES

By: _____
    Authorized Signatory

Date Signed: _____

for his/its/their own attorneys' fees and costs, if any, and agrees that he/it/they will not seek reimbursement from any other party for attorneys' fees and/or costs incurred in this matter or relating to any matters addressed in this Agreement.

**13.  Choice of Law.**

This Agreement will be governed by and construed in accordance with the laws of the State of New York without regard to its conflicts of laws principles.

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed.

JAMES HICKEY

_____

Date Signed: _____

MATILDA COY

*/s/ Matilda Coy/*

Date Signed: 02/06/20

MADELEINE JANE HICKEY

_____

Date Signed: _____

RUBY'S MIDTOWN LLC

By: _____
       Authorized Signatory

Date Signed: _____

219 MULBERRY, LLC

By: _____
       Authorized Signatory

Date Signed: _____

NICHOLAS MATHERS

By: _____
       Authorized Signatory

Date Signed: _____

TIMOTHY SYKES

By: _____
       Authorized Signatory

Date Signed: _____

for his/its/their own attorneys' fees and costs, if any, and agrees that he/it/they will not seek reimbursement from any other party for attorneys' fees and/or costs incurred in this matter or relating to any matters addressed in this Agreement.

### 13. Choice of Law.

This Agreement will be governed by and construed in accordance with the laws of the State of New York without regard to its conflicts of laws principles.

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed.

JAMES HICKEY

_____

Date Signed: _____

RUBY'S MIDTOWN LLC

By: _____
         Authorized Signatory

Date Signed: _____

MATILDA COY

_____

Date Signed: _____

219 MULBERRY, LLC

By: _____
         Authorized Signatory

Date Signed: _____

MADELEINE JANE HICKEY

*/s/ Madeleine Jane Hickey*

Date Signed: 02/07/20

NICHOLAS MATHERS

By: _____
         Authorized Signatory

Date Signed: _____

TIMOTHY SYKES

By: _____
         Authorized Signatory

Date Signed: _____

for his/its/their own attorneys' fees and costs, if any, and agrees that he/it/they will not seek reimbursement from any other party for attorneys' fees and/or costs incurred in this matter or relating to any matters addressed in this Agreement.

**13.    Choice of Law.**

This Agreement will be governed by and construed in accordance with the laws of the State of New York without regard to its conflicts of laws principles.

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed.

JAMES HICKEY

_____

Date Signed: _____

MATILDA COY

_____

Date Signed: _____

MADELEINE JANE HICKEY

_____

Date Signed: _____

RUBY'S MIDTOWN LLC

By: _____
        Authorized Signatory

Date Signed: __1/30/20__

219 MULBERRY, LLC

By: _____
        Authorized Signatory

Date Signed: __1/30/20__

NICHOLAS MATHERS

By: _____
        Authorized Signatory

Date Signed: __1/30/20__

TIMOTHY SYKES

By: _____
        Authorized Signatory

Date Signed: __1/30/20__

THOMAS LIM

By: _____
Authorized Signatory

Date Signed: __1/30/20__

**Appendix A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
JAMES HICKEY, individually and on behalf of others
similarly situated,

                Plaintiff,

                v.

RUBY'S MIDTOWN LLC, 219 MULBERRY, LLC,
NICHOLAS MATHERS, TIMOTHY SYKES, AND
THOMAS LIM,

                Defendants.
---------------------------------------------------------------- x

Case No. 19-cv-07452 (VSB)

**STIPULATION AND ORDER OF DISMISSAL**

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), Plaintiff James Hickey and opt-in Plaintiffs Matilda Coy and Madeleine Jane Hickey (hereinafter, "Plaintiffs") and Defendants Ruby's Midtown LLC, 219 Mulberry, LLC, Nicholas Mathers, Timothy Sykes, and Thomas Lim (collectively, Defendants"), by and through their undersigned counsel of record, stipulate that Plaintiff voluntarily dismisses this action with prejudice as to Defendants. The Court shall retain jurisdiction as to enforcement of the settlement agreement.

Dated: New York, New York
       2/11, 2020

THE KLEIN LAW GROUP PC

By: _____
Darren P.B. Rumack
39 Broadway, Suite 1530
New York, NY 10006
(212) 344-9022
*Attorneys for Plaintiffs*

MORRISON COHEN LLP

By: _____
Keith A. Markel
909 Third Avenue
New York, NY 10022
(212) 735-8600
*Attorneys for Defendants*

SO ORDERED:

_____
Hon. Vernon S. Broderick, U.S.D.J.

# EXHIBIT B

Ledger

| Matter | | | Case # | | |
|---|---|---|---|---|---|
| **Hickey (James)** | | | 18-00055 | | |
| **Date** | **Type** | **Subject** | | **Hours** | **Amount** |
| 02/02/2018 | Cost Entry | Referred By | | 0.00 | $0.00 |
| 02/02/2018 | Time Entry | correspondence with clmt | | 0.25 | $100.00 |
| 02/05/2018 | Time Entry | drafting demand letter and out certified | | 1.25 | $500.00 |
| 08/02/2019 | Time Entry | Terms of Engagement for Legal Services, dated 8/1/19 | | 0.01 | $0.00 |
| 08/05/2019 | Time Entry | drafting Complaint | | 1.25 | $500.00 |
| 08/06/2019 | Time Entry | revising complaint | | 0.50 | $200.00 |
| 08/07/2019 | Time Entry | clmt in office to review Complaint | | 0.25 | $100.00 |
| 08/09/2019 | Time Entry | filed summons and complaint | | 0.75 | $300.00 |
| 08/15/2019 | Time Entry | filed opt in form for Matilda Coy | | 0.05 | $20.00 |
| 08/26/2019 | Time Entry | in office with opt-in | | 0.50 | $200.00 |
| 09/18/2019 | Time Entry | correspondence with ER attorney | | 0.15 | $60.00 |
| 10/10/2019 | Time Entry | conference call with mediator | | 0.25 | $100.00 |
| 10/10/2019 | Time Entry | correspondence with clmt | | 0.06 | $24.00 |
| 11/18/2019 | Time Entry | correspondence with ER lawyers re: discovery | | 0.25 | $100.00 |
| 11/26/2019 | Time Entry | office appt with Madeleine Hickey | | 0.25 | $100.00 |
| 12/13/2019 | Time Entry | drafting mediation statement | | 1.25 | $500.00 |
| 12/16/2019 | Time Entry | correspondence with clients and attorney re: document production | | 0.15 | $60.00 |
| 12/19/2019 | Time Entry | document review of payroll; prepare damages chart | | 3.25 | $1,300.00 |
| 12/20/2019 | Time Entry | correspondence with ER attorney; document review | | 1.50 | $600.00 |
| 12/30/2019 | Time Entry | draft and finalize mediation statement and exhibits | | 1.25 | $500.00 |
| 01/02/2020 | Time Entry | finalized mediation statement and forward to mediator | | 0.10 | $40.00 |
| 01/06/2020 | Time Entry | correspondence with client re: mediation | | 0.05 | $20.00 |
| 01/10/2020 | Time Entry | attend mediation | | 6.00 | $2,400.00 |
| 01/13/2020 | Time Entry | review of settlement breakdown | | 0.25 | $100.00 |
| 01/16/2020 | Time Entry | drafting approval letter | | 0.50 | $200.00 |
| 01/27/2020 | Time Entry | review settlement agreement | | 0.25 | $100.00 |
| 02/04/2020 | Time Entry | settlement agreement to clients for signatures | | 0.25 | $100.00 |
| | | | **Total:** | 20.57 | $8,224.00 |
| | | | **Grand Total:** | 20.57 | $8,224.00 |